*E-FILED - 5/13/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAAC FLORES,

                Petitioner,

    v.

JOSEPH MCGRATH, Warden,

                Respondent.

No. C 99-20185 RMW (PR)

**ORDER GRANTING MOTION TO DISMISS**

### INTRODUCTION

Petitioner Isaac Flores, a California state prisoner who is proceeding pro se, filed a petition in this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1996 validation as a member of a prison gang. Respondent filed a motion to dismiss on grounds that the petition is barred by the statute of limitations, codified at 28 U.S.C. § 2244(d)(1). For the reasons discussed below, the court GRANTS respondent's motion and will DISMISS the action WITH PREJUDICE.

### BACKGROUND

This action has a rather tangled procedural history. Petitioner, an inmate at Pelican Bay Prison, was convicted in 1986 of second-degree murder and conspiracy (Cal. Pen. Code §§ 187, 182.1), for which he received a sentence of fifteen years to life and an additional year because of a weapons enhancement (Cal. Pen. Code § 12022(b)). Resp't's Mot. to Dismiss ("MTD"), Ex. A at 1.

1    In 1996, the Department of Corrections labelled petitioner a member of the "Northern

2    Structure Prison Gang," and, as a result, placed petitioner in the Security Housing Unit ("SHU").

3    MTD at 2, n. 2.  Petitioner filed an administrative appeal challenging a specific validating

4    memorandum and alleging that the documents respondent used to validate him as a gang member

5    were insufficient proof of his supposed affiliation.  Pet'r's Opp'n at 1.  A final, director's level

6    decision was issued on petitioner's appeal on January 24, 1997.  MTD, Ex. C.  Petitioner filed

7    several other appeals, challenging various findings and bits of evidence.  Pet'r's Opp'n at 1.  On

8    October 16, 1998, petitioner filed a state petition for writ of habeas corpus in the Superior Court of

9    Del Norte.  MTD, Ex. E, Part 1.

10    Petitioner, on March 5, 1999, filed this federal action as a civil rights complaint pursuant to

11    42 U.S.C. § 1983, alleging that he was unconstitutionally labeled a member of "Northern Structure,"

12    and therefore his placement in SHU was in error.[1]  Order to Show Cause at 1.  The court initially

13    dismissed the complaint with prejudice under 28 U.S.C. § 1915A and petitioner appealed this court's

14    dismissal order.  Id.  On appeal, the Ninth Circuit Court of Appeals reversed the dismissal and

15    remanded the case with instructions to this court provide petitioner with an opportunity to amend his

16    complaint to remedy the deficiencies of his due process claim.  Id.

17    In the court's June 12, 2003 order after remand, the instant action was re-opened

18    and the complaint was dismissed with leave to amend within thirty days.  Id.  Petitioner then filed a

19    motion to amend his civil rights complaint with an amended petition for a writ of habeas corpus,

20    challenging the legality of his sentence to a indeterminate term in the SHU.  Id. at 2.  The court

21    granted petitioner's motion for leave to amend and to file a habeas petition, substituting Warden Joe

22    McGrath as the respondent.  Id.  Respondent filed a motion to dismiss the petition, petitioner filed an

23    opposition, and respondent filed a reply.  Id.

24    ///

25    ///

26

27    [1]  Petitioner filed another § 1983 complaint (Flores v. Shelton, et al., No. 99-20140) on February
23, 1999 challenging his 1996 gang validation.  The court granted summary judgment in that case.

28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.99\Flores185.hcruling.md        2

United States District Court
For the Northern District of California

**DISCUSSION**

**I.      The Petition is Barred by AEDPA's Statute of Limitations**

Respondent contends that the petition is barred by the statute of limitations set forth at 28 U.S.C. § 2244(d)(1), which bars petitioner from filing a federal habeas petition regarding this matter after January 24, 1998, a year after the director's level decision was issued.[2]  Petitioner contends that his petition is not statutorily barred because he filed separate inmate appeals challenging each validation contention, thus pushing his final exhaustion date to January 30, 1998, giving him until January 1999 to file a federal action.  Pet'r's Opp'n at 3-5.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, has a statute of limitations codified at 28 U.S.C. § 2244(d).  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).

Both statutory and equitable tolling are available to petitioners, provided they meet the necessary requirements.  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  See id. § 2244(d)(2).  However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Section 2244(d)(2) cannot "revive" the limitation

---

[2]  Because the court is granting the motion on the ground that the petition is barred by the statute of limitations, the court need not address respondent's second contention, MTD at 5, that petitioner's 2002 revalidation as a Northern Structure gang member renders his claims about his 1996 validation moot.

United States District Court
For the Northern District of California

1  period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not

2  yet fully run.  "Once the limitations period is expired, collateral petitions can no longer serve to

3  avoid the statute of limitations."  Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

4      The Supreme Court has never squarely addressed the question whether equitable tolling is

5  applicable to AEDPA's statute of limitations, Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005),

6  but the Ninth Circuit has held that the one-year limitation period can be equitably tolled because

7  § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon (Beeler), 128 F.3d at

8  1288.  Equitable tolling will not, however, be available in most cases because extensions of time

9  should be granted only if "extraordinary circumstances beyond a prisoner's control make it

10  impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).

11      The Ninth Circuit has held that the petitioner bears the burden of showing that this

12  "extraordinary exclusion" of equitable tolling should apply to him.  Miranda v. Castro, 292 F.3d

13  1063, 1065  (9th Cir. 2002).  The petitioner must establish two elements in order to be granted

14  equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15  circumstance stood in his way."  Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting

16  Pace, 544 U.S. at 419).  Where a prisoner fails to show "any causal connection" between the grounds

17  upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas

18  application, the equitable tolling claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35

19  (9th Cir. 2005).

20      The petition is barred by § 2244(d)(1)(D) because petitioner did not file his federal action by

21  January 24, 1998, that is, within a year from the date the factual predicate of the claim could have

22  been discovered through the exercise of due diligence.  On that point, if petitioner did not know the

23  factual predicate of the claim before the director's level decision was issued, he certainly had notice

24  when it was issued on January 24, 1997.  The statute of limitations started running the day after that,

25  on January 25, 1997, which means that, absent tolling, petitioner had until January 24, 1998 to file a

26  federal habeas petition.  This federal action was first filed on March 5, 1999, more than a year after

27  the final AEDPA filing date.

28

United States District Court
For the Northern District of California

1    Petitioner is not entitled to statutory or equitable tolling because his state habeas petition was

2    filed after the final date of January 24, 1998, specifically on October 16, 1998.  Under Ferguson,

3    cited above, § 2244(d) does not permit the reinitiation of the limitations period that has ended before

4    the state petition was filed.  That is precisely that case here.  Accordingly, petitioner is not entitled to

5    statutory tolling. As for equitable tolling, petitioner has not contended – and therefore has not

6    presented supporting evidence – that he is entitled to equitable tolling.  Accordingly, petitioner is not

7    entitled to equitable tolling on the facts presented in the petition.

8    All this remains true despite petitioner's contention that the final AEDPA filing date was

9    January 29, 1999, a year after the date when the last of his inmate claims related to this matter were

10   addressed by prison authorities.  More specifically, petitioner contends that because he presented his

11   administrative claims piecemeal  – his appeal regarding his label as a gang member and his second

12   appeal regarding his segregation in the Security Housing Unit, which was a consequence of being

13   labelled a gang member – the statute of limitations should run from the date his final inmate claim

14   was disposed of on January 30, 1998.  Pet'r's Opp'n at 305.

15   Petitioner cannot extend the statute of limitations because he filed his claims piecemeal.

16   AEDPA's clock starts running when he could have known the factual predicate of both claims, both

17   of which were finally ruled on on January 24, 1997:

18       The documentation and arguments presented are persuasive that there is sufficient
         confidential information in [petitioner's] central file that reflect on his association
19       with the [Northern Structure] gang.
         . . .
20
         A Classification Staff Representative reviewed the material and determined that
21       controlled housing would be appropriate.

22   MTD, Ex. C at 5.  Even though he pursued his claims separately, this does not change the fact that,

23   for purposes of AEDPA's statutory filing limitations, he failed to timely file a federal habeas

24   petition.

25   ///

26   ///

27   ///

28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.99\Flores185.hcruling.md          5

1

**CONCLUSION**

The petition is untimely under 28 U.S.C. § 2244(d)(1)(D).  The court GRANTS respondent's motion to dismiss.  Accordingly, the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  5/9/08

*Ronald M. Whyte*
_____
RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

This is to certify that on _____5/13/08_____, a copy of this ruling was mailed to the following:

**Isaac Flores**
D#50574
PBSP - II
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

**Steven Warner**
Deputy Attorney General
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

**United States District Court**
For the Northern District of California

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.99\Flores185.hcruling.md          7