***E-FILED - 2/12/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC FLORES, | No. C 99-20185 RMW (PR) |
|     Petitioner, | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
|   v. | |
| JOSEPH MCGRATH, Warden, | |
|     Respondent. | |

In an order dated May 13, 2008, the court denied petitioner's federal habeas corpus petition challenging an administrative decision by the Department of Corrections. Judgment was entered on that same date. Petitioner has filed a notice of appeal, which the court construes as a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b).

Petitioner's request for a certificate of appealability is DENIED as unnecessary. The Ninth Circuit has made clear that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004). As in the petitioner's complaint in White, the target of Flores'

Order Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.99\Flores185COA.wpd

complaint is not the state court judgment or sentence derived therefrom, it is the California Department of Corrections' "administrative decision regarding the execution of his sentence." See id. Flores' complained-of detention arose out of the Department's alleged mislabeling of him as a gang member and his subsequent placement in the Security Housing Unit, and not out of any "process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Therefore, as in White, it appears that Flores' complaint does not require a certificate of appealability to proceed on appeal.

Accordingly, the request for a certificate of appealability is denied as unnecessary.

**IT IS SO ORDERED.**

DATED:   2/10/09



RONALD M. WHYTE
United States District Judge

Order Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.99\Flores185COA.wpd         2